## 10357

### STONE v. STONE.

#### (101 S. E. 863.)

1. REFORMATION OF INSTRUMENTS—PROOF AS TO MISTAKE MUST BE CLEAR. —Equity can reform a deed that does not conform to the agreement of the parties, but the proof must be clear.

2. REFORMATION OF INSTRUMENTS—EVIDENCE INSUFFICIENT TO SHOW CLEARLY THAT DEED DID NOT CONFORM TO AGREEMENT.—Parol evidence as to the negotiations of the parties *held* not to show clearly that a deed for a tract of land at a lump sum failed to conform with the agreement, notwithstanding a receipt reciting agreement for sale by the acre.

3. MORTGAGES—EVIDENCE INSUFFICIENT TO SHOW CLEARLY THAT ACREAGE CONVEYED WAS SHORT.—In a suit to foreclose a purchase money mortgage, where the defense was that the arcreage was less than agreed upon, evidence of the surveyor who made the plat relied on by defendant, and who testified to conflicting results of different surveys, *held* not to show clearly that the acreage was short in the amount agreed upon.

Before BOWMAN, J., Greenville, Spring term, 1919. Reversed.

Suit by George W. Stone against John L. Stone to foreclose a mortgage. Judgment for defendant, and plaintiff appeals.

*Messrs. Martin & Henry,* for appellant, submit: *Hudgens paper merely a receipt, not the contract between the parties:* 9 S. C. 92; 19 S. C. 375; 39 Cyc. 1223-1224. *Scrivener, respondent's agent:* 100 S. C. 159; 21 S. C. 235; 69 S. C. 90; 44 S. C. 22; 34 Cyc. 915; 92 S. C. 307. *All prior acts merged in final transaction and respondent not entitled to reformation:* 104 S. C. 467-8; 13 C. J. 598; 6 R. C. L. 914; 10 R. C. L. 300; 3 L. R. A. 190; L. R. A. 159; 92 S. C. 306-307. *No deficiency proven:* 2 Speer 68. *Respondent entitled to no abatement:* 23 S. C. 208; 41 S. C. 200; 91 S. C. 502; 57 S. C. 386; 2 Johns, Chan. 519.

*Messrs. Martin & Blythe,* for respondent (no citations).

January 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action to foreclose a purchase money mortgage. The defendant set up by way of defense that by the contract of sale the plaintiff agreed to sell to the defendant a tract of land containing 50 acres at $60 per acre; that the tract of land in fact contained 46.77 acres; and demanded that the value of 3.33 acres be deducted from the amount for which the note for the credit portion was given; that the deed which conveyed 50 acres, more or less, for the sum of $3,000 was due to a mistake of the scrivener. The defendant relied partly on parol evidence and partly on a receipt which reads:

"Pelzer, S. C., 10/28, 1913. Received of J. L. Stone one hundred and fifty dollars, being first payment on fifty acres of land at $60 per acre, and said J. L. Stone is to pay $350 on or by Nov. 15/13, at which time I am to make him deed for same. G. W. Stone, Ollis Stone, W. K. Hudgens."

Ollis Stone was the wife of the grantor. To prove the shortage, the defendant relied upon a plat made by a surveyor who testified in reference to the plat.

The Court of equity has the power to reform a deed that does not conform to the agreement of the parties, but the proof must be clear.

The master held that all previous agreements were merged into the deed, note, and mortgage, and reported adversely to the defendant's claim. The defendant excepted to the findings of the master, and the Circuit Judge reversed the master and found for the defendant.

1. The plaintiff admitted that he had signed the receipt, but stated that he had offered to sell to the defendant the land at $60 per acre, or that he could take the tract for what was in it at $3,000; that he had bought the land for 51½ acres and thought it did contain that number of acres; that the defendant then agreed to take the

land, as he was perfectly familiar with it, had lived on it, and worked it, at the lump sum of $3,000; that the deed, note, and mortgage expressed the terms finally agreed upon. Both sides introduced parol evidence to establish their contentions. It is by no means clear that the deed, note, and mortgage do not correctly express the final agreement, and the exceptions that raise this question are sustained. All the benefits to be derived from the statute that requires contracts for the sale of lands to be in writing will be destroyed if the written contracts are lightly set aside.

2. It is by no means clear that the defendant's tract of land does not contain the 50 acres set out in the deed. The land conveyed to the defendant was a part of a tract of land containing 79 acres, 28½ of which was conveyed to one Chandler. There was evidence that the surveyor upon whose plat the defendant relied had made the two surveys and they did not agree. The surveyor himself said: "Mr. Chandler's line didn't run the way that does. That takes more land for Mr. Chandler than his own papers call for. Takes it off Mr. Stone. * * .* I surveyed Chandler's by old plat of Willis and it gives Chandler 31½ acres. Something is wrong with the line between Stone and Chandler, or with the papers, one. First survey by Chandler's papers and Chandler kicked and brought Willis out to survey it. On second survey, went by what they claimed. That is when it cut down the two acres. Run whole 79 acres according to the old plat. Made the survey by papers John Stone has and by which Chandler claims his corner was. There is 79 acres in whole tract according to my calculations."

The burden of proof as to deficiency was clearly on the defendant.

It is by no means clear that the defendant has established the fact that his acreage is short.

The judgment appealed from is reversed.